UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

| | |
|---|---|
| TIZAIRA VELAZQUEZ,  | CASE NO: |
| Plaintiff, | |
| vs. | |
| L'OREAL USA, INC. | |
| Defendant. | |

## COMPLAINT

Plaintiff Tizaira Velazquez ("Plaintiff") brings this civil action against L'Oreal USA, Inc. ("Defendant") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), and The Florida Civil Rights Act, §760.01 *et. seq.* (hereinafter "FCRA"), for Defendant's wrongful discrimination and retaliation in violation of said Act.

### Jurisdiction and Venue

1. This action arises under 42 U.S.C. § 2000e-3(a). This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1343. This Court has supplemental jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1367.

2. Venue is proper in this judicial district because the Plaintiff's claim arose in the Southern District of Florida.

3. Plaintiff has complied with any and all conditions precedent to the filing of this lawsuit, including the timely filing of a charge of discrimination under Title VII with the Equal Employment Opportunities Commission ("EEOC") and/or the Florida Commission on Human Relations.

1

4. On February 2, 2016, Plaintiff filed her charge of discrimination with the EEOC, alleging discrimination based on sex, and retaliation for complaining about the sex discrimination.

5. The EEOC issued a letter of determination finding cause to believe that Defendant discriminated against Plaintiff as alleged.

6. On June 26, 2019, the EEOC issued a Right to Sue letter. This lawsuit is timely filed within ninety (90) days of the Plaintiff's receipt of the Notice of Right to Sue letter from the EEOC.

7. At all times material hereto Plaintiff was and is a white woman of Hispanic origin.

8. Defendant is Plaintiff's employer and does business in Miami-Dade County, Florida.

## General Allegations

9. Since July 2012 up to and including the present, Plaintiff was employed by Defendant as an assistant store manager. At all times material to this matter, Plaintiff was employed at Defendant's Lincoln Road store located at 540 Lincoln Road, Miami Beach, Florida (hereinafter the "Store").

10. Commencing on or about January 2014, Pedro Rodriguez, became the Manager of the Store, having been transferred to this position by regional manager Chad Richter. Rodriguez was Plaintiff's direct supervisor. Rodriguez, a male, maintained a policy of favoritism towards men and a prejudice against females.

11. Plaintiff has been subjected to discrimination based upon her sex (Female) and retaliation for engaging in protected activity (complaining about said discrimination).

12. Plaintiff was and is an exemplary employee of Defendant, regularly exceeding her year-end sales and performance goals. On or about February 7, 2014, Plaintiff was nominated by

2

Regional Manager Richter for L'Oreal's Luxe Excellence in Luxury Service Award. Plaintiff exceeded her year-end sales and performance goals for the 2015 and 2016 year periods.

13. On or about April, 2014, Store Manager Rodriguez hired an individual named Jesse Rivas as a part-time salesperson at the Store. Rivas would become a full-time employee with Store opening and closing responsibilities like Plaintiff.

14. Rodriguez treated Rivas differently to the detriment of Plaintiff. Prior to Rivas' employment, Rodriguez would rotate the store employees' work schedules. After Rivas was hired, Rodriguez ceased rotating schedules and began to assign Rivas preferential work schedules, and assign Plaintiff to disadvantageous schedules such as entire weekends, closing the Store at night and scheduling her to open the Store the following morning. Rodriguez eventually conceded to Plaintiff that he was grooming Rivas for the Store manager position.

15. Plaintiff initially complained to Regional Manager Richter on or about August, 2015 by phone about the disparate treatment she was receiving and the preferential treatment received by Rivas from Rodriguez. No action was taken by Richter, who maintained a close relationship with Rodriguez.

16. On or about the beginning of November, 2015, Plaintiff attempted to contact Nick Iadavio in the Human Resources ("HR") department of Defendant by phone to make the same disparate treatment complaint that she had made to her Regional Manager Richter in August. Plaintiff left a voicemail for Iadavio with her allegations of discrimination.

17. On November 5, 2015, Plaintiff was presented with a Performance Improvement Plan ("PIP") from Richter stating that there were "documented deficiencies" in Plaintiff's "performance that require improvement" and stating that Richter would be monitoring her performance for the next thirty (30) days to assess her job performance during that period. Plaintiff

had received no warning about any alleged job performance deficiencies prior to receiving the PIP. Plaintiff herself noted on the PIP that she was not in agreement with the purported negative performance claim, and further stated on the form that the PIP was "the result of several complaints of discrimination that I have made to my regional manager Chad."

18. On November 6, 2015, Plaintiff followed up her phone call with an email to Iadavio again asking for his immediate help with regards to the incidents in the Store that she was complaining of. Plaintiff received no response from Iadavio (or any other member of HR) until February 2016.

19. This adverse employment action was nothing more than a pretext to retaliate against Plaintiff for her complaint of discrimination against Richter's friend Rodriguez.

20. Plaintiff maintained and achieved personal sales figures above her company-stated goals for the 2015 year, including exceeding her required sales goals in October, November and December 2015.

21. Despite exceeding her sales goals, Plaintiff remained on the PIP beyond the stated thirty (30) days, and was only finally removed two (2) years later on or about January, 2017. Plaintiff similarly exceeded her sales goals for the 2016 and 2017 years. There was no basis for Defendant placing Plaintiff on the PIP, and no basis for keeping her on the PIP after the thirty (30) days had expired.

22. Plaintiff received a yearly bonus for exceeding her sales goals every year that she was not on the PIP. During the two (2) year time period Plaintiff was on the PIP, she was ineligible for a yearly bonus. Plaintiff was also not considered for advancement to a store manager position during that period that she was on the PIP.

23. Plaintiff demands trial by jury of all issues so triable in this case.

24. Plaintiff has been required to retain the undersigned attorneys to represent her in this action and is obligated to pay her attorneys a reasonable fee. Attorney's fees are recoverable by a prevailing Plaintiff under Title VII.

## COUNT I
## CLAIM FOR DISCRIMINATION PURSUANT TO TITLE VII

25. Plaintiff realleges and reaffirms paragraphs 1 through 24 of this complaint as if fully set out herein.

26. Plaintiff suffered discrimination based upon her sex when she was disparately treated from her other coworkers in the Store by Store Manager Rodriguez.

27. As a direct result of the Defendant, Plaintiff has suffered lost wages and/or income, lost fringe benefits, economic damages, suffered mental and emotional pain and suffering, embarrassment and humiliation, loss of enjoyment of life, and such losses are continuing into the future.

28. The aforementioned acts of Defendant were intentional and malicious and were carried out in reckless disregard for Plaintiff's rights under Title VII.

WHEREFORE, Plaintiff demands:

    A. Judgment for damages against the Defendant L'Oreal USA, Inc.;

    B. Judgment for punitive damages against the Defendant L'Oreal USA, Inc.;

    C. A Reasonable Attorney's Fee;

    D. The Costs of this Action;

    E. Trial by jury of all issues so triable;

    F. Such other and further relief that this Court deems proper.

## COUNT II
## CLAIM FOR DISCRIMINATION PURSUANT TO FCRA

29. Plaintiff realleges and reaffirms paragraphs 1 through 24 of this complaint as if fully set out herein.

30. Plaintiff suffered discrimination based upon her sex when she was disparately treated from her other coworkers in the Store by Store Manager Rodriguez.

31. As a direct result of the Defendant, Plaintiff has suffered lost wages and/or income, lost fringe benefits, economic damages, suffered mental and emotional pain and suffering, embarrassment and humiliation, loss of enjoyment of life, and such losses are continuing into the future.

32. The aforementioned acts of Defendant were intentional and malicious and were carried out in reckless disregard for Plaintiff's rights under the FCRA.

WHEREFORE, Plaintiff demands:

A. Judgment for damages against the Defendant L'Oreal USA, Inc.;

B. Judgment for punitive damages against the Defendant L'Oreal USA, Inc.;

C. A Reasonable Attorney's Fee;

D. The Costs of this Action;

E. Trial by jury of all issues so triable;

F. Such other and further relief that this Court deems proper.

## COUNT III
## CLAIM FOR RETALIATION PURSUANT TO TITLE VII

33. Plaintiff realleges and reaffirms paragraphs 1 through 24 of this complaint as if fully set out herein.

34. It is unlawful for an employer to retaliate against an employee for opposing "any practice made an unlawful employment practice [under Title VII]."

35. Plaintiff was thereafter placed on a Performance Improvement Plan only after making complaints of discrimination to her Regional Manager and Human Resources.

36. This adverse employment action prevented Plaintiff from advancement to further managerial positions and prevented Plaintiff from obtaining bonuses during the time she was on the PIP.

37. The reasons given for placing Plaintiff on the PIP were a mere pretext for the Regional Manager's retaliation because there was no legitimate basis for the disciplinary actions taken by Defendant.

38. Aforementioned actions of the Defendant were done in retaliation for Plaintiff's exercise of her protected rights to complain to the Defendant with regard to the discriminatory practices in Plaintiff's Store.

39. As a direct result of the actions of the Defendant, Plaintiff has suffered lost wages and/or income, lost fringe benefits, economic damages, suffered mental and emotional pain and suffering, embarrassment and humiliation, loss of enjoyment of life, and such losses are continuing into the future.

40. The aforementioned acts of Defendant were intentional and malicious and were carried out in reckless disregard for Plaintiff's rights under Title VII.

WHEREFORE, Plaintiff demands:

    A. Judgment for damages against the Defendant L'Oreal USA, Inc.;

    B. Judgment for punitive damages against the Defendant L'Oreal USA, Inc.;

    C. A Reasonable Attorney's Fee;

    D. The Costs of this Action;

    E. Trial by jury of all issues so triable;

      F.    Such other and further relief that this Court deems proper.

## COUNT IV
## CLAIM FOR RETALIATION PURSUANT TO FCRA

41.    Plaintiff realleges and reaffirms paragraphs 1 through 24 of this complaint as if fully set out herein.

42.    It is unlawful for an employer to retaliate against an employee for opposing any practice made an unlawful employment practice under FCRA.

43.    Plaintiff was thereafter placed on a Performance Improvement Plan only after making complaints of discrimination to her Regional Manager and Human Resources.

44.    This adverse employment action prevented Plaintiff from advancement to further managerial positions and prevented Plaintiff from obtaining bonuses during the time she was on the PIP.

45.    The reasons given for placing Plaintiff on the PIP were a mere pretext for the Regional Manager's retaliation because there was no legitimate basis for the disciplinary actions taken by Defendant.

46.    Aforementioned actions of the Defendant were done in retaliation for Plaintiff's exercise of her protected rights to complain to the Defendant with regard to the discriminatory practices in Plaintiff's Store.

47.    As a direct result of the actions of the Defendant, Plaintiff has suffered lost wages and/or income, lost fringe benefits, economic damages, suffered mental and emotional pain and suffering, embarrassment and humiliation, loss of enjoyment of life, and such losses are continuing into the future.

48.    The aforementioned acts of Defendant were intentional and malicious and were carried out in reckless disregard for Plaintiff's rights under Title VII.

WHEREFORE, Plaintiff demands:

A. Judgment for damages against the Defendant L'Oreal USA, Inc.;

B. Judgment for punitive damages against the Defendant L'Oreal USA, Inc.;

C. A Reasonable Attorney's Fee;

D. The Costs of this Action;

E. Trial by jury of all issues so triable;

F. Such other and further relief that this Court deems proper.

JAY M. LEVY, ESQUIRE
JAY M. LEVY, P.A.
9150 South Dadeland Boulevard
Suite 1010
Telephone:     (305) 670-8100
Facsimile:     (305) 670-4827

BY: _____/s/_____
JAY M. LEVY, ESQUIRE
Florida Bar No. 219754